UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL SHAWN DRAPER                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:11CV-P580-H

TODD L. HALE *et al.*                                                DEFENDANTS

MEMORANDUM OPINION

      This matter is before the Court for screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, this action will be dismissed.

I.

      Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections. He files suit under 42 U.S.C. § 1983 against the following Louisville Metro Police Department officers: Todd L. Hale, Detective Denise Hageman, Anne D. Rhodes, Mark A. Manning, Cheri B. Bower, and Shannon Y. Holt. Plaintiff sues each Defendant in his or her individual and official capacities, except for Bower for whom Plaintiff does not indicate capacity.

      Plaintiff states that his mother called 911 seeking help with him because he was "off of my meds." Plaintiff's mother told police officers that she wanted to take out a mental inquest warrant on Plaintiff. She gave them the keys to their residence with the agreement that the officers would take Plaintiff to the hospital. When the officers entered the residence, Plaintiff attempted to block the doorway and attempted to flee. Officers then took him into custody. He states that the officers talked to his girlfriend and fabricated a case of domestic abuse against him.

      Plaintiff states that his and his mother's apartment was searched and evidence was seized without their consent or a warrant. He states that no crime took place. Plaintiff states that his

Fourth, Eighth, and Fourteenth Amendment rights were violated.  As relief, Plaintiff seeks dismissal of his indictment in state court and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case based on the arrest which Plaintiff claims resulted from an illegal search and seizure and fabricated charges. The Commonwealth of Kentucky has an important state interest in adjudicating the pending criminal case. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his claims, and, if convicted, he still has a number of state-court remedies available via direct appeal and the filing of post-conviction motions. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding. While federal court relief might be possible in the future should state-court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. *See Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

For the foregoing reasons, Plaintiff's claims against all Defendants will be dismissed without prejudice by separate Order.

Date:

cc:     Plaintiff, *pro se*
4412.010